B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### District of Nevada

In re   **Keen Ellsworth**

_____,
                          Debtor

Case No. _____**10-12736**_____

Chapter _____**7**_____

# SUMMARY OF SCHEDULES - AMENDED

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 580,000.00 | | |
| B - Personal Property | Yes | 13 | 56,575.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 723,292.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 14 | | 4,793,134.24 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 9,037.55 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 9,175.00 |
| Total Number of Sheets of ALL Schedules | | 38 | | | |
| Total Assets | | | 636,575.00 | | |
| Total Liabilities | | | | 5,516,426.24 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## District of Nevada

In re    **Keen Ellsworth** _____ ,

Debtor

Case No. ___**10-12736**_____

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Keen Ellsworth**                                                                    ,                Case No. ____**10-12736**____
                                                                                    Debtor

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Home<br>5117 Missy Marie Lane<br>Las Vegas, NV 89130** | **Joint tenant** | - | **580,000.00** | **657,112.00** |

|  | Sub-Total >  | **580,000.00** | (Total of this page) |
|---|---|---|---|
|  | Total >  | **580,000.00** |  |

__**0**__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Keen Ellsworth**                                                                    Case No.    __10-12736__
                                                                          ,
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo Checking Account Ending 2210 Negative Balance** | - | 0.00 |
| | | **Nevada State Bank Checking Account Ending** | - | 3,500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods** | - | 3,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing Apparel** | - | 350.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Smith & Wesson 38 Special - Pistol** | - | 50.00 |
| | | **38 Auto Keltec** | - | 25.00 |
| | | **Sig Sauer 9mm** | - | 50.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy through Cordner Agency No Cash Value** | - | 0.00 |

|  | Sub-Total >  | 7,475.00 |
|---|---|---|
|  | (Total of this page) | |

__4__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Keen Ellsworth**                                         ,       Case No.   **10-12736**

                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **50% beneficiary to Mammoth Trust** | **-** | **0.00** |
| | | **Trust owns Associated Printers and Copiers, LLC dba Laser World and no other assets** | | |
| | | **Laser World ceased opertations in November 2009. Commercial storefront closed in November 2009 as well. Remaining Business assets consists of used office furniture valued at $3,000 to $4,000 in salvage value. Less than $1,000 in AR. Laser World receives 15-20% commissions from providing 3rd party use of business leads for 12/2009 through 4/2011.** | | |
| | | **Laser World is subject to liabilities in an amount exceeding its total business assets and therfore the equity interest in this business is valued at $0.** | | |
| | | **Business License through City of Las Vegas Ellsworth, Moody, & Bennion CHTD. 7881 W. Charleston Blve, Suite 210 Las Vegas, NV 89117** | **-** | **0.00** |
| | | **Debtor's 25% interest in law firm** | | |
| | | **Attached to Schedule B is the Chapter 13 Field Audit Report which shows business bank account balance of $47,401.06 as of 2/23/10. This company was otherwise comprised of office equipment and uncollectable AR's valued at under $20,000 to $30,000. This corporation was also subject to vaious lines of credit (such as $100,000 LOC with Bank of Nevada, as well as business leases for rent and equipment). Accordingly, there is no equity in debtor's interest.** | | |

|  | Sub-Total >   **0.00** |
|---|---|
|  | (Total of this page) |

Sheet  **1**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Keen Ellsworth**                                                          ,   Case No.   **10-12736**
                                              Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Business License through City of Las Vegas** **NOT PROPERTY OF BANKRUPTCY ESTATE** **50% owned by Debtor's non-filing spouse** **Runners Edge LLC dba Fleet Feet Sports** **7591 W. Washington Ave.** **Las Vegas, NV 89128** **No Cash Value** | - | 0.00 |
| | | **Ellsworth, Moody, Bennion & Ericsson CHTD.** **St. George, UT** **Debtor' will acquire 25% in law firm. Law firm opened as of 1/1/2010. No assets since business recently opened.** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **2009 Tax Returns** | - | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                       0.00
(Total of this page)

Sheet  **2**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Keen Ellsworth**                                                                    ,        Case No.        **10-12736**
_____
                          Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 GMC Sierra 2500**<br>**Approx. 120,000 miles** | - | 6,000.00 |
| | | **1995 Ford 350 Econoline 23ft RV** | - | 2,500.00 |
| | | **2009 Toyota Sequoia**<br>**Approx. 15,000 miles** | - | 35,000.00 |
| | | **2002 Mini Cooper**<br>**Approx. 120,000 miles** | - | 3,000.00 |
| | | **No property of the estate.  Exempt vehicle owned by non-filing Spouse.** | | |
| | | **1996 Polaris 325 Quad** | - | 50.00 |
| | | **Not in working condition** | | |
| | | **1996 Artic Cat Snowmobile** | - | 50.00 |
| | | **Not in working Condition.** | | |
| | | **Used Trailer** | - | 2,000.00 |
| | | **Used Trailer** | - | 500.00 |
| | | **Owned F&C; salvage value** | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

Sub-Total >          49,100.00
(Total of this page)

Sheet    **3**    of    **4**    continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re   **Keen Ellsworth**                                                    ,   Case No.   **10-12736**

                                         Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >           **0.00**
(Total of this page)
Total >       **56,575.00**

Sheet ___4___ of ___4___ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

**KATHLEEN A. LEAVITT**
**CHAPTER 13 BANKRUPTCY TRUSTEE**
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA
201 Las Vegas Blvd. South, Suite 200 • Las Vegas, Nevada 89101
Telephone: (702) 853-0700 • Facsimile: (702) 853-0713

### M E M O R A N D U M

TO: David Krieger, Esq.       DATE:   May 14, 2010
Haines & Krieger, LLC
1020 Garces Ave., #100
Las Vegas, NV 89101

FROM: Mickey J. Bell, Paralegal

RE: Keen Ellsworth
BK-S 10-12736 BAM

=====================================================================

Attached hereto is a copy of the Field Audit Report (without attachments/enclosures) which was prepared by Howard Forkos after performing a review of the above-referenced Debtor(s) business(es) known as "**Ellsworth, Moody & Bennion, Chtd.**" and "**Ellsworth, Moody, Bennion & Ericcson, Chtd.**".

Should you have any questions or comments regarding this matter, please feel free to contact our in-house counsel, Sara E. Smith, Esq., at the telephone number indicated above, Ext. 711.

*[Processed Memo Only –5/14/10– MJB]*

Howard A. Forkos
Business Case Consultant
2512 Palmridge Dr.
Las Vegas, NV. 89134
(702) 658-1292

April 29, 2010

Kathleen A. Leavitt,
Chapter 13 Standing Trustee
201 Las Vegas Blvd. South
Suite 200
Las Vegas, NV. 89101

Re: Ellsworth, Keen
Ellsworth, Moody, & Bennion, Chtd.
Ellsworth, Moody, Bennion & Ericcson, Chtr.
BK-S-10-12736 BAM

Sub.: Field Audit Report

Dear Ms. Leavitt;

On Tuesday, May 11, I met with the debtor and reviewed his business information.

## BUSINESS RECORDS:

1. P & I report for the first three months of this year.
2. 2009 1120S business tax return.
3. 2009 1040 personal tax return.
4. Copies of business bank statements for 10/09 through 3/10.
5. Copies of personal bank statements for 11/09 through 2/10 (two accounts).
6. Recent payroll data for the debtor.
7. Business license data.
8. Payroll tax payment data.
9. Copies of loan modification documents.
10. Copies of reports from the Secretary of State's Office.

## BUSINESS HISTORY & BACKGROUND

Mr. Ellsworth (K) has been practicing law in Las Vegas for over seventeen years.  In early 1997, K had discussions with Charles Bennion and Todd Moody about forming a law firm.  While both were interested, neither was able to leave the firms that they were at.  Therefore, K set up his own new law firm called Ellsworth Chtr. in June of 1997.  He said that it was funded with a loan of approximately $30,000 that came from his personal lines of credit.  In anticipation of Bennion and Moody joining him, K also set up a new entity called EMB Holdings, LLC in 6/97.  This entity was never funded and remains dormant.

In August of 1997, Bennion joined the firm, and Moody finally joined the firm in August of 1998.  At
1

that time, the name of the law firm was changed to Ellsworth, Moody, and Bennion Chtr. (EMB). Each partner owned approximately one third of the stock in this corporation. As noted below, a fourth partner was added in January of this year. K is presently receiving a net income of $5,000 twice a month from EMB. This amount includes $3,300 in salary plus a draw of $1,700. Accordingly, his monthly net income from EMB is $10,000.

Over the years K has been connected with several entities as noted bellow:

Millennial Lawn Maintenance, Inc. – During 1999, K set up and partially funded this lawn maintenance business to help out a neighbor's son. He said that the son was not able to operate the business, and it was subsequently closed in early 2000.

Heritage Schools, Inc. – This entity was set up many years ago to operate a charter school. K said that this business never went forward and is completely dormant.

El Capital, LLC – K said that he was involved in setting up this entity in 1999 for a client as a vehicle to lease out luxury vehicles. This business was never funded and is dormant.

Rancho Alegre, LLC – In 2005, K and his brother Dain (D) set up this entity to hold real property. The property was never transferred into Rancho Alegre and remains a dormant entity.

Although the data submitted to you by the debtor's attorneys indicate that he has an interest in Runners Edge, LLC d/b/a Fleet Feet Sports (FFS), K said that is not the case. His wife Delores is a runner and became involved in acquiring a FFS franchise. K said that she did all of the work to put this deal together and then approached James McNally to see if he would be interested in joining her and also funding this new venture. Delores and McNally set up a new business called Runners Edge, LLC in 2/07 with Delores owning 51% of the stock and McNally the remaining amount. K said that McNally took out a second mortgage on his home to have the $100,000 needed to fund this new entity. He indicated that the enclosed report from the Secretary of State's office is in error as he is not a manager or an owner of FFS. He went on to say that he does provide legal services to them as needed. The day-to-day business is run by McNally. At 12/31/08, FFS had a deficit net worth of ($172,039), indicating that it was insolvent. K said that he believes that FFS is still insolvent.

K told me that he had a client for approximately ten years called Laser World, Inc. (LW); K added that he was very familiar with this business. When Michael Friedman (F), the owner of LW, approached K and asked if he would be interested in purchasing the business, he thought it was a good idea. K set up a new entity in 11/06 called Associated Printers and Copiers, LLC (APC) that was owned by a family trust called Mammoth Trust. Mammoth Trust borrowed $750,000 from the Bank of Nevada to fund part of the purchase price, and K personally guaranteed this loan. The balance of the purchase price of $4,250,000 or $3.5 million was to be carried by F. This debt was also personally guaranteed by K.

As part of the due diligence in making this large acquisition, K said that F had presented him with financials, indicating that LW was netting $65,000 a month. The problem was that once K took over, he found original financial data left by F, which indicated that LW was actually losing $20,000 per month. K decided to make a go of the business and hired a manager to help run it. He said that this business would have succeeded if the economy had remained strong and if there had

2

been a liberal lending market.

The purchase document between Mammoth Trust, K, and F contained a non-compete clause that indicated that if F should open up a new and similar business within several years, the note he agreed to accept would become null and void.  In fact, K said that F set up a new and similar business and then proceeded to take away five of APC's largest clients.  K said that rather than file suit against F for possible fraud and the violation of the non-compete clause, he decided to enforce the contract and stopped making any further payments to F.  **While Schedule F contains a claim for $3.5 million from the estate of F, they are not entitled to anything at all, and this claim needs to be disregarded according to K.**

The economy continued to decline during 2008 and 2009, and APC continued to lose money. There was no longer a market for the high-end copiers and printers they were selling and virtually no funds available to finance those purchases.  In an effort to keep this business afloat, K went to some of the larger suppliers and agreed to personally guaranty all purchases by APC.  In the end, K was forced to eliminate the staff and then close APC permanently in 11/09.

In the process of attempting to save APC, K exhausted all of his personal financial resources.  He even fell behind on some of his home mortgage payments.  Towards the latter part of 2009, K approached the creditors of APC to see if he could negotiate payout agreements and thus possibly salvage the business.

## REASON(s) FOR FILING FOR PROTECTION UNDER CHAPTER 13:

When APC creditor Royal Imaging refused to accept any payout agreement and subsequently filed suit against K for non-payment on his guarantee, K decided to seek legal help.

## RELIEF SOUGHT FROM BANKRUPTCY PROCEEDING:

1. Save his home and solidify the loan modification agreement with Wells Fargo (see below).
2. Have a second mortgage of $74,514 with Suntrust Bank avoided as a secured debt.
3. Address $20,778 in accrued credit card debts.
4. Address other unsecured debts of $4,712,356 (see comments above).
5. Protect K from any possible future legal action that could be taken by those creditors of APC who hold personal guarantees.
6. Save his personal vehicles.

K indicated that APC went into a Chapter 7 bankruptcy proceeding this past March.

## LOAN MODIFICATION DATA

K said that he personally entered into a loan modification dialogue with Wells Fargo Bank during September of last year.  The deal according to K was that if he made the monthly payments of $3,362 for November, December, and January in a timely fashion, Wells would capitalize the arrearages of $14,130 and continue to accept monthly payments of $3,362.  As it now stands, Wells has not modified the loan and may have reneged on the agreement, according to K.  I asked K if he was aware that his loan was an ARM that called for increased monthly payments after the

3

first ten years of the loan life, and he said he was not.

**K has no idea of the status of the loan modification with Wells Fargo and if an enforceable agreement exists; he is relying on attorney David Krieger to resolve this issue in full with Wells Fargo.**

**Please refer to my comments below.**

## EQUIPMENT, INVENTORY, & VEHICLES

All of the business and office equipment in EMB's possession are secured under a security agreement and UCC-1 to Bank of Nevada for a loan of approximately $100,000 made to them some time ago. The UCC-1 also includes accounts receivables. The monthly payment on this loan is $3,031, and EMB is current through April.

Materials and supplies are purchased by EMB's office manager as needed on both a cash and open-account basis.

EMB is leasing two copies from Marlin Leasing and a postage metering machine from Pitney Bows Global.

K owns a 2009 Toyota Sequoia that is financed through Toyota Motor Credit (this vehicle is operated by Mrs. Ellsworth). K also owns a 2002 GMC Series 2500 truck, a 2002 Mini Cooper, a 1999 Ford Econoline 350 motor home, a 1966 Polaris 325 Quad, a 1996 Arctic Cat snowmobile, and a 16' flatbed truck that are all free and clear of any liens.

K indicated that he co-signed on a loan to allow his parents to finance the purchase of a camper trailer through the Bank of George. He said that his parents are making all of the payments, which to the best of his knowledge are current.

## REAL PROPERTY

**Several years ago, K's brother D purchased a home at 4720 Creek Front Circle in Hatch, UT. D later asked K if he would like an interest in this home. He agreed to accept a 50% interest but indicated that no agreement was ever formalized. K is not sure if he might have been added to the mortgage on this home. He said that he was making 50% of the mortgage payments for a period of time. As it now stands, K believes that this home was surrendered to the secured lender earlier this year. It is not clear if he has any liability here.**

## BUSINESS LOCATION

EMB is located in the Acuity Financial Center at 7881 W. Charleston. They are renting a 4,600 square foot suite of offices on a month-to-month basis for $6,200, which includes CAM and parking space charges. All rent payments are current.

K is also renting two storage sheds to house old records at the Maximum Security facility down the street from them.

4

## CHECKING ACCOUNT DATA & INFORMATION ON TRANSFERS, INSURANCE, & TAXES

EMB has their business checking account # 6853 at Bank of Nevada, and this account had a balance of $47,401.06 on February 23rd. I reviewed the check register for the period of 2/09 through 3/10 and found nothing to report.

K indicated that EMB presently has five corporate credit card accounts, and he believes that there may be small balances on each. He went on to say that they usually pay each card in full every other month.

K has a personal joint checking account # 1465 at Wells Fargo Bank that is inactive and had a zero balance as of February 23rd. K also has a joint checking account # 2126 at Nevada State Bank, and this account had a balance of $2,492.45 on February 23rd. **K said that most of the checks issued on this account are done electronically, and he could not provide any information on the names of the payees. He said that he does not maintain a check register. As such, I cannot comment on the existence of possible 547 or 549 transfers.**

I was able to verify that the post-petition auto payments are current through April.

EMB has their fire/theft/liability business insurance and workman's comp coverage through American National Ins. While K said that EMB has malpractice coverage, he could not provide the name of the carrier. K's home and all vehicles are also insured through American National Ins. K has health insurance as provided by EMB. He said that he has a $1 million term life insurance policy through American National Ins. and a $500,000 universal life policy also with this carrier. K indicated that there were no loans outstanding on this policy.

I was able to verify that EMB is current in their payments of 940, 941, and ESD payroll-related tax liabilities. In addition, they do not have a state sales tax liability.

The daily bookkeeping for EMB is done in house on the EMB computer system. 1040 and 1120S tax returns are prepared by Ellsworth, Gilman, Johnson & Stout, CPAS. K had a $14,153 refund for 2009 and will not need to make any 1040ES payments for this tax year.

**As noted above, K is netting $10,000 a month from EMB.**

## INTERVIEW – KEEN ELLSWORTH

- EMB is a local law firm that specializes in the practice of corporate business law including litigation when needed. The firm also does a limited amount of immigration work. Clients are local businesses, officers and owners of those businesses, and the general public.

- EMB is a sub. S corporation, operating on a cash accounting basis.

- Business hours are 8AM to 5PM Monday through Friday. They are closed on Saturday and Sunday.

- K said that EMB is not a seasonal business.

5

- All four partners are employees of EMB. EMB also employs two associates and a support staff of six.

- EMB bills out their services on an hourly basis, which can range from $95 to $305 per hour. Business clients are routinely asked to pay a retainer fee that runs from $5,000 to $10,000. Clients are billed at the end of each month on net thirty day terms of sale. K said that EMB has approximately $150,000 in accounts receivables.

- Clients usually pay by check although EMB also accepts American Express, Master Card, and Visa credit cards.

- New business is generated via their web site, referrals, and repeat clients.

- For the year ending 12/31/09, EMB had revenues of $1,380,154, expenses of $1,163,283, and a net profit of $217,871. For the first three months of this year, EMB had revenues of $392,470, expenses of $318,729, and a profit of $73,741.

- In January of this year, EMB added a new partner named Thomas Ericsson, and each partner now owns a 25% ownership interest in EMB. EMB set up a new and separate entity called Ellsworth, Moody, Bennion & Ericsson, Chtr. in St. George, UT. in January. This entity is operated and funded by Ericsson according to K.

<u>VALUATION OF EMB:</u>

Because of the nature of law firms and the fact that each partner has his own clientele, I would not feel comfortable in attempting to set a value for EMB.

**COMMENTS & OBSERVATIONS**

Mr. Ellsworth appeared to be candid in answering my questions.

I asked K about the state's claim against him for $40,999 in unpaid sales taxes owed for APC, and he acknowledged that this amount is correct. In addition, he believes that APC might owe as much as $45,000 in payroll-related taxes as well. While K would be personally liable for these debts, he said that APC will be receiving a stream of revenue for the next ten months that he believes would be adequate to pay off these unpaid balances. Accordingly, he is anticipating that the Chapter 7 Trustee would be able to pay off those debts.

**In reviewing K's personal expenses, I noted that he was donating/tithing $1,400 a month to his church. When I asked him about this, he said that he donates/tithes $1,000 a month in cash and gives the church an additional $400 a month to cover his son's expenses while he is on a mission in Brazil.**

The issue of a loan modification needs to be addressed here as well since there are a number of problems as follows:

    1. The first mortgage holder has filed a claim for pre-petition arrearages of $14,130 and a total claim for $582,016. Since post-petition mortgage payments to be made by you are yet to be

6

determined, it is not clear if a post-petition claim will be filed by the lender.  It is not clear if the modification will include these amounts.  If not, they must be addressed in the plan.

     2. The purported loan modification documents are enclosed, and they appear to only be a forbearance agreement.  The language indicates that Wells might consider doing a modification but was under no obligation to do so.  As such, it is not clear if a loan modification agreement has been actually agreed to.

3. The loan is an ARM, and it is not clear that in the process of doing the modification, the lender will convert it to a fixed loan.

4. If there is no loan modification agreement in place, then it must be determined who will actually do this work and what the fee will be.   Additionally, it must be determined who will be paying this fee.

5. There is no guaranty that a loan modification will be successful.

## FEASIBILITY

**While the debtor has enough income to cover his expenses and current plan payments, there are some issues that preclude making this plan viable.  If the Chapter 7 bankruptcy Trustee for APC is not successful in collecting sufficient funds to retire both the state sales tax and federal payroll-tax liabilities, K would then be liable for them, and they would need to be incorporated into a revised plan.  It is too soon to determine what if anything K would be liable to pay at this point.   Any large amounts due would have a detrimental affect on the existing plan.**

**In addition to the above, there remains the issue of the firm loan modification agreement and what the monthly payments would be under such an arrangement.  Also at issue would be the matter of whether an agreement would incorporate pre-and-post-petition arrearages and allow a new loan to replace the present ARM.  As there is no way to predict when and if such a modification would be in place, the debtor would not have a feasible or viable plan.**

"Sincerely,

*/S/ Howard A. Forkos*

Howard A. Forkos"

7

B6C (Official Form 6C) (12/07)

In re   **Keen Ellsworth**                                              ,    Case No.   **10-12736**
                          Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:                ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                    $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Nevada State Bank | Nev. Rev. Stat. § 21.090(1)(g) | 75% | 3,500.00 |
| Checking | Nev. Rev. Stat. § 21.090(1)(z) | 875.00 | |
| Account Ending | | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| Household Goods | Nev. Rev. Stat. § 21.090(1)(b) | 3,500.00 | 3,500.00 |
| | | | |
| **Wearing Apparel** | | | |
| Wearing Apparel | Nev. Rev. Stat. § 21.090(1)(b) | 350.00 | 350.00 |
| | | | |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Smith & Wesson 38 Special - Pistol | Nev. Rev. Stat. § 21.090(1)(i) | 50.00 | 50.00 |
| | | | |
| 38 Auto Keltec | Nev. Rev. Stat. § 21.090(1)(i) | 25.00 | 25.00 |
| | | | |
| Sig Sauer 9mm | Nev. Rev. Stat. § 21.090(1)(i) | 50.00 | 50.00 |
| | | | |
| **Interests in Insurance Policies** | | | |
| Term Life Insurance Policy through Cordner | Nev. Rev. Stat. § 21.090(1)(k) | 0.00 | 0.00 |
| Agency | | | |
| No Cash Value | | | |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2002 GMC Sierra 2500 | Nev. Rev. Stat. § 21.090(1)(f) | 6,000.00 | 6,000.00 |
| Approx. 120,000 miles | | | |
| | | | |
| 2002 Mini Cooper | Nev. Rev. Stat. § 21.090(1)(f) | 3,000.00 | 3,000.00 |
| Approx. 120,000 miles | | | |
| | | | |
| No property of the estate.  Exempt vehicle owned by non-filing Spouse. | | | |
| | | | |
| Used Trailer | Nev. Rev. Stat. § 21.090(1)(z) | 125.00 | 500.00 |
| | | | |
| Owned F&C; salvage value | | | |

| | | Total: | 16,600.00 | 16,975.00 |
|---|---|---|---:|---:|

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Keen Ellsworth**                                              Case No.    **10-12736**
                                                              ,
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **xxxxx7700**

**Bank Of George** | | | - | Opened  4/01/08  Last Active 11/02/09

**Secured** | | | | | |
| | | | | Value $            **Unknown** | | | | 7,380.00 | 7,380.00 |
| Account No.

**Bank of George**
**9115 W. Russell Road**
**Suite #110**
**Las Vegas, NV 89148** | | | - | PMSI

**Used Trailer** | | | | | |
| | | | | Value $            **2,000.00** | | | | 7,064.00 | 5,064.00 |
| Account No. **xxxxxxxxxxxx7614**

**Suntrust Bank**
**Po Box 85052**
**Richmond, VA 23285** | | | - | Opened  5/01/07  Last Active 10/27/09

**Second Mortgage to be avoided**

**Single Family Home**
**5117 Missy Marie Lane**
**Las Vegas, NV 89130** | | | X | | |
| | | | | Value $            **580,000.00** | | | | 75,096.00 | 75,096.00 |
| Account No. **xxxxxxxxxxxx0001**

**Toyota Motor Credit Company**
**10040 North 25th Street Suite 200**
**Phoenix, AZ 85021** | | | - | Opened  1/01/09  Last Active 11/17/09

**2009 Toyota Sequoia**
**Approx. 15,000 miles** | | | | | |
| | | | | Value $            **35,000.00** | | | | 51,736.00 | 16,736.00 |
| **1**    continuation sheets attached | | | | Subtotal
(Total of this page) | | | | 141,276.00 | 104,276.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re __**Keen Ellsworth**_____,    Case No. ___**10-12736**_____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxx4702** | | | Opened 12/01/06  Last Active  6/29/09 | | | | | |
| **Wells Fargo Hm Mortgag**<br>**8480 Stagecoach Cir**<br>**Frederick, MD 21701** | - | | First Mortgage<br><br>Single Family Home<br>5117 Missy Marie Lane<br>Las Vegas, NV 89130 | | | | | |
| | | | Value $              **580,000.00** | | | | **582,016.00** | **2,016.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet _**1**___ of _**1**___ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal<br>(Total of this page) | **582,016.00** | **2,016.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **723,292.00** | **106,292.00** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6E (Official Form 6E) (12/07)

In re __Keen Ellsworth_____,    Case No. ___10-12736_____
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___1___ continuation sheets attached

B6E (Official Form 6E) (12/07) - Cont.

In re    **Keen Ellsworth** _____,    Case No. ____**10-12736**_____
                                        Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **IRS** <br> **PO Box 21126** <br> **Insolvency** <br> **Philadelphia, PA 19114-0326** | - | | Personally guanteed business debt of an active corporation. Not part of of 11 USC 109(e) debt limit analysis. | X | X | X | <br><br><br><br>0.00 | 0.00 <br><br><br><br> 0.00 |
| Account No. **xxxxxx5967** <br><br> **State of Nevada** <br> **1550 College Pkwy Suite 115** <br> **Carson City, NV 89706-7937** | - | | Personally guanteed business debt of an active corporation. Not part of of 11 USC 109(e) debt limit analysis. | X | X | X | <br><br><br><br>0.00 | 0.00 <br><br><br><br> 0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
| | | 0.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 0.00 | 0.00 |
| | | 0.00 | 0.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re   **Keen Ellsworth**                                                                    ,    Case No.    **10-12736**
                                        Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No.  xxxxx9801 <br><br>**Allied Collection Serv** <br>**3080 S Durango Dr Ste 20** <br>**Las Vegas, NV 89117** | | - | | | Opened  9/01/04  Last Active 11/15/05 <br>CollectionAttorney Desert Radiologists | | | | 0.00 |
| Account No.  xxxxx3401 <br><br>**Allied Collection Serv** <br>**3080 S Durango Dr Ste 20** <br>**Las Vegas, NV 89117** | | - | | | Opened 11/01/07  Last Active  1/15/08 <br>CollectionAttorney Wassim Madi Md- Trauma | | | | 0.00 |
| Account No.  xxxxxxxxx0075 <br><br>**Americn Strl** <br>**535 S. Sterling** <br>**Sugar Creek, MO 64054** | | - | | | Opened 12/21/06  Last Active  1/11/07 <br>RealEstateSpecificTypeUnknown | | | | 0.00 |
| Account No.  xxxxxxxxxxxx0000 <br><br>**Amo Recoveries** <br>**Attn: Bankruptcy** <br>**Po Box 8005** <br>**Cleveland, TN 37327** | | - | | | Opened  8/01/09 <br>CollectionAttorney Sheridan Healthcare Of Nevada | | | | 339.00 |

_**13**_  continuation sheets attached

Subtotal
(Total of this page)                                                                                     **339.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Keen Ellsworth**                                    , Case No. ___**10-12736**___
                                    Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxxxx0745 Associated Recovery Systems P.O. Box 469046 Escondido, CA 92046 | | - | | | | | | 0.00 |
| Account No. xxxxxxx7009 Bac / Fleet Bankcard Po Box 26012 Greensboro, NC 27420 | | - | | Opened 6/01/91 Last Active 10/01/01 CreditCard | | | | 0.00 |
| Account No. 79 Bank Of America 4060 Ogletown/Stanton Rd Newark, DE 19713 | | - | | Opened 7/01/02 Last Active 8/31/05 CheckCreditOrLineOfCredit | | | | 0.00 |
| Account No. xxxxxxx0011 Bank of America Attn: Bankruptcy Dept NC4-105-03-14 Po Box 26012 Greensboro, NC 27420 | | - | | Opened 5/01/94 Last Active 5/04/99 CreditCard | | | | 0.00 |
| Account No. xxxx-xxxx-xxxx-5981 Bank of Nevada P.O. Box 98809 Las Vegas, NV 89193 | | - | | Personally guanteed business debt of an active corporation. Not part of of 11 USC 109(e) debt limit analysis. | X | X | | 23,484.50 |

Sheet no. __1__ of __13__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **23,484.50**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Keen Ellsworth**                                                      ,    Case No. _____**10-12736**_____
                                   Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxx3083** <br><br> **Bank of Nevada** <br> **Centennial Hills Regional Office** <br> **8505 West Centennial Regional Office** <br> **Las Vegas, NV 89149** | - | | Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis. | X | X | | 100,000.00 |
| Account No. **xxxxx3143** <br><br> **Bank of Nevada** <br> **Centennial Hills Regional Office** <br> **8505 West Centennial Regional Office** <br> **Las Vegas, NV 89149** | - | | Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis. | X | X | | 578,000.00 |
| Account No. **xxxxxxxxxx3843** <br><br> **Bank One** <br> **Po Box 71** <br> **Phoenix, AZ 85001** | - | | Opened  8/01/00  Last Active  8/01/01 CreditLineSecured | | | | 0.00 |
| Account No. **xxxxxxx4460** <br><br> **Bank One/Chase** <br> **8333 Ridgepoint Dr** <br> **Irving, TX 75063** | - | | Opened  4/01/05  Last Active 12/26/06 CreditLineSecured | | | | 0.00 |
| Account No. <br><br> **Buffalo Washington III, LLC** <br> **d/b/a Longford Shoppes at Summerlin Pkwy** <br> **3077 E. Warm Springs Road** <br> **Las Vegas, NV 89120** | - | | | | | | 0.00 |

Sheet no. __**2**___ of __**13**___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                678,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Keen Ellsworth**                                                                    ,        Case No. ___**10-12736**___
                                                      Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xx-xxxx8560** <br><br> **CBCS** <br> **PO Box 163250** <br> **Columbus, OH 43216-3250** | - | | | | | | **0.00** |
| Account No. <br><br> **Centennial Hills Hospital** <br> **P.O. Box 31001-0827** <br> **Pasadena, CA 91110-0827** | - | | | | | | **0.00** |
| Account No. **xxxxxxxx2915** <br><br> **Chase** <br> **201 N. Central Ave Floor 11** <br> **Phoenix, AZ 85004** | | | **Opened  6/01/03  Last Active  9/30/05** <br> **Automobile** | | | | **0.00** |
| Account No. **xxxxxxx7147** <br><br> **Chase Auto** <br> **Po Box 29555** <br> **Phoenix, AZ 85038** | - | | **Opened  9/01/99  Last Active  6/01/03** <br> **Lease** | | | | **0.00** |
| Account No. **xxxxxxxxxxx0745** <br><br> **Citibank Usa** <br> **Attn.: Centralized  Bankruptcy** <br> **Po Box 20507** <br> **Kansas City, MO 64195** | - | | **Opened  4/01/07  Last Active  1/07/09** <br> **Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | **8,161.00** |

Sheet no. __**3**__ of __**13**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**8,161.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Keen Ellsworth**                                                ,        Case No. ___**10-12736**_____
                                     Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxxx3051** | | - | | Opened  8/01/99 ChargeAccount | | | | |
| Citifinancial Retail Services Po Box 140489 Irving, TX 75014 | | | | | | | | 0.00 |
| Account No. **xxxxxxxx7207** | | - | | Opened  4/01/05  Last Active  3/16/06 ChargeAccount | | | | |
| Citifinancial Retail Services Po Box 140489 Irving, TX 75014 | | | | | | | | 0.00 |
| Account No. **xx7074** | | - | | Opened  7/01/01  Last Active  9/01/01 CreditCard | | | | |
| Cmmnty 1 Fcu 2699 N. Tenaya Way Las Vegas, NV 89128 | | | | | | | | 0.00 |
| Account No. **xxxxxx0023** | | - | | Opened  7/01/01  Last Active 11/01/02 Secured | | | | |
| Community One Fcu 2699 N. Tenaya Way Las Vegas, NV 89128 | | | | | | | | 0.00 |
| Account No. **xxxx5-000** | | - | | Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis. | X | X | | |
| Copystar 225 Sand Road Fairfield, NJ 07004-0008 | | | | | | | | 83,695.00 |

Sheet no. __**4**___ of __**13**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

83,695.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Keen Ellsworth**                                              ,        Case No.   **10-12736**
_____
Debtor

# AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxx2005 | | | Opened 5/01/89 Last Active 1/01/09 CreditCard | | | | |
| Discover Fin Svcs Llc Po Box 15316 Wilmington, DE 19850 | - | | | | | | |
| | | | | | | | 0.00 |
| Account No. | | | Personally guanteed business debt of an active corporation. Not part of of 11 USC 109(e) debt limit analysis. | | | | |
| Doughlas Mecham 7881 W. Charleston Blvd. Suite #210 Las Vegas, NV 89117 | - | | | X | X | X | |
| | | | | | | | 71,700.00 |
| Account No. | | | Personally guanteed business debt of an active corporation. Not part of of 11 USC 109(e) debt limit analysis. | | | | |
| Estate of Michael K. Friedman P.O. Box 33328 RE: Micry, LLC Las Vegas, NV 89133 | - | | | X | X | X | |
| | | | | | | | 3,500,000.00 |
| Account No. xxxxxxx2186 | | | Opened 9/01/04 Last Active 1/03/07 CreditCard | | | | |
| First National Bank Credit Card Center Attention:  Bankruptcy Department Po Box 3331  Stop Code 3105 Omaha, NE 68103 | - | | | | | | |
| | | | | | | | 0.00 |
| Account No. xxxxxxxxxx9245 | | | Opened 9/01/04 Last Active 8/24/07 CreditCard | | | | |
| First National Bank Credit Card Center Attention:  Bankruptcy Department Po Box 3331  Stop Code 3105 Omaha, NE 68103 | - | | | | | | |
| | | | | | | | 0.00 |

Sheet no. __5___ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**3,571,700.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Keen Ellsworth**                                                                                                    ,     Case No.   **10-12736**
                                              Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx7043**<br><br>**G M A C**<br>**P O Box 380901**<br>**Bloomington, MN 55438** | - | | Opened 10/01/02  Last Active 10/18/07<br>**Automobile** | | | | 0.00 |
| Account No. **xxxxxxxx0805**<br><br>**G M A C**<br>**P O Box 380901**<br>**Bloomington, MN 55438** | - | | Opened  3/01/98  Last Active  1/01/02<br>**Lease** | | | | 0.00 |
| Account No. **xxxxxxxx1581**<br><br>**GEMB / Old Navy**<br>**Attention:  Bankruptcy**<br>**Po Box 103106**<br>**Roswell, GA 30076** | | | Opened  7/01/04  Last Active  5/09/05<br>**ChargeAccount** | | | | 0.00 |
| Account No. **xxxxxxx0600**<br><br>**Gemb/bass Pro**<br>**Po Box 981439**<br>**El Paso, TX 79998** | - | | Opened  7/22/08  Last Active  1/07/09<br>**ChargeAccount** | | | | 0.00 |
| Account No. **xxxxxxx1826**<br><br>**Gemb/dillards**<br>**Po Box 981432**<br>**El Paso, TX 79998** | - | | Opened 10/01/98  Last Active 10/05/08<br>**ChargeAccount** | | | | 0.00 |

Sheet no. __6__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    0.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Keen Ellsworth**                                                              ,       Case No. ___**10-12736**_____
                                                          Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **x2017**<br><br>**Gemb/jcp**<br>**Attention:  Bankruptcy**<br>**Po Box 103106**<br>**Roswell, GA 30076** | - | | | **Opened  6/12/00  Last Active 12/03/00**<br>**ChargeAccount** | | | | **0.00** |
| Account No. **xxxxxxx2959**<br><br>**Gemb/ultimate Electron**<br>**Po Box 981439**<br>**El Paso, TX 79998** | - | | | **Opened  4/10/05  Last Active  5/10/05**<br>**ChargeAccount** | | | | **0.00** |
| Account No.<br><br>**Gerrard Cox & Larsen**<br>**2450 Saint Rose Parkway, Ste 200**<br>**Henderson, NV 89074** | - | | | | | | | **0.00** |
| Account No. **xxxxx3496**<br><br>**GMAC Mortgage**<br>**P.O. Box 791135**<br>**Phoenix, AZ 85062-9135** | - | | | **PROPERTY SURRENDERED PRE-PETITION**<br>**Single Family Home**<br>**4720 W. Creek Front Circle**<br>**Hatch, UT 84759** | X | X | X | **Unknown** |
| Account No. **xx1172**<br><br>**Great American Leasing Corp.**<br>**P.O. Box 660831**<br>**Suite 800**<br>**Dallas, TX 75266-0831** | - | | | **Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | **10,853.00** |

Sheet no. __**7**___ of __**13**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**10,853.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Keen Ellsworth**                                                    , Case No.    **10-12736**
                              Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>**Henry B. Soloway<br>1350 Town Center Drive<br>Las Vegas, NV 89144** | - | | | **Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | **125,000.00** |
| Account No. **xxxxxxxxxxx3629**<br><br>**Hsbc/polars<br>Pob 978<br>Wood Dale, IL 60191** | - | | | **Opened  7/05/03  Last Active 10/23/03<br>ChargeAccount** | | | | **0.00** |
| Account No. **xxxxxxxx6526**<br><br>**Indymac Bank<br>7700 W Parmer Ln<br>Bldg D 2nd Floor<br>Austin, TX 78729** | - | | | **Opened 11/01/02  Last Active 12/05/06<br>ConventionalRealEstateMortgage** | | | | **0.00** |
| Account No.<br><br>**Kramer & Associates<br>P.O. Box #500<br>Westwood, NJ 07675** | - | | | | | | | **0.00** |
| Account No.<br><br>**Law Office of Brian D. Shapiro, a Nevada<br>411 E. Bonneville Ave., Suite 300<br>Las Vegas, NV 89101** | - | | | | | | | **0.00** |

Sheet no. **8** of **13** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**125,000.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  __Keen Ellsworth_____,    Case No. ___10-12736_____
                        Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxx9163<br><br>Lowes / MBGA<br>Attention:  Bankruptcy Department<br>Po Box 103106<br>Roswell, GA 30076 | - | | | Opened  2/26/06  Last Active  7/16/09<br>ChargeAccount | | | | 0.00 |
| Account No.<br><br>Martin Warburton<br>5412 Doc Holliday Ave.,<br>Las Vegas, NV 89130 | - | | | Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis. | X | X | | 25,000.00 |
| Account No. xxxxx9166<br><br>Nco Financial Systems<br>507 Prudential Rd<br>Horsham, PA 19044 | - | | | Sprint | | | | 377.00 |
| Account No. xxxxxxxxxxxxx5036<br><br>Nevada State Bank<br>2185 S 3270 W<br>Salt Lake City, UT 84119 | - | | | Opened  6/01/00  Last Active  9/01/00<br>CreditLineSecured | | | | 0.00 |
| Account No. xxxx2126<br><br>Nevada State Bank<br>2185 S 3270 W<br>Salt Lake City, UT 84119 | - | | | Opened  6/01/93  Last Active  4/10/09<br>CheckCreditOrLineOfCredit | | | | 0.00 |

Sheet no. __9___ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    25,377.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Keen Ellsworth**                                                            , Case No. ___**10-12736**___
                                         Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Radiological Associates**<br>**PO BOX 160008**<br>**Sacramento, CA 95816-0008** | - | | | | | | 0.00 |
| Account No.<br><br>**Rex Kelsey**<br>**5412 Doc Holliday Ave.**<br>**Las Vegas, NV 89130** | - | | **Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | 25,000.00 |
| Account No.<br><br>**Royal Imaging International**<br>**8936 Conanche Ave**<br>**Chatsworth, CA 91311** | - | | **Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | 190,000.00 |
| Account No. xxxxxxxxxx0001<br><br>**Sallie Mae**<br>**11100 Usa Parkway**<br>**Fishers, IN 46037** | - | | Opened 11/01/93  Last Active  6/08/06<br>Educational | | | | 0.00 |
| Account No. xxxxxxxx1016<br><br>**Sallie Mae Servicing**<br>**1002 Arthur Dr**<br>**Lynn Haven, FL 32444** | - | | Opened 11/01/93  Last Active 12/01/02<br>Educational | | | | 0.00 |

Sheet no. __**10**__ of __**13**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

215,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Keen Ellsworth**                                                                  ,        Case No.    **10-12736**

Debtor

# AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| **Account No.**<br><br>Santoro, Driggs, Walch, Kearny<br>400 S Fourth St 3rd Floor<br>Las Vegas, NV 89101 | - | | | | | | | 0.00 |
| **Account No. xxxxxxxxxxxx2026**<br><br>Sears/cbsd<br>8725 W Sahara Ave<br>The Lakes, NV 89163 | - | | | Opened 1/01/96 Last Active 5/01/01<br>CreditCard | | | | 0.00 |
| **Account No. xxxx8282**<br><br>Sears/cbsd<br>701 East 60th St N<br>Sioux Falls, SD 57117 | - | | | Opened 9/01/93 Last Active 3/01/01<br>ChargeAccount | | | | 0.00 |
| **Account No.**<br><br>Shadow Emergency Physicians<br>PO Box 13917<br>Philadelphia, PA 19101 | - | | | | | | | 0.00 |
| **Account No. xx1232**<br><br>Sharp Electronics Corp<br>One Sharp Plaza<br>Mahwah, NJ 07495-1163 | - | | | Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis. | X | X | | 5,712.74 |

| | | |
|---|---|---|
| Sheet no. **11** of **13** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | 5,712.74 |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Keen Ellsworth**                                              ,    Case No.    **10-12736**
_____
Debtor

## AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx1012<br><br>**Student Loan Mkt Assn**<br>**2000 Bluffs Dr**<br>**Lawrence, KS 66044** | - | | **Opened 11/01/93  Last Active  2/01/00**<br>**Educational** | | | | **0.00** |
| Account No.<br><br>**Tom Freemal**<br>**5412 Doc Holliday Ave.**<br>**Las Vegas, NV 89130** | - | | **Personally guanteed business debt of an active corporation.  Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | **25,000.00** |
| Account No. xxxxxxxx0084<br><br>**Unvl/citi**<br>**Attn.: Centralized  Bankruptcy**<br>**Po Box 20507**<br>**Kansas City, MO 64195** | | | **Opened 6/01/90  Last Active  3/05/01**<br>**CreditCard** | | | | **0.00** |
| Account No. xxxxx3424<br><br>**Us Bank**<br>**Po Box 5227**<br>**Cincinnati, OH 45201** | - | | **Opened 9/01/05  Last Active  1/20/09**<br>**Automobile** | | | | **0.00** |
| Account No. xxxxxxxxxxxxx0001<br><br>**Wells Fargo**<br>**Po Box 60510**<br>**Los Angeles, CA 90060** | - | | **Opened 7/01/96  Last Active  6/19/08**<br>**Automobile** | | | | **0.00** |

Sheet no. __12__ of __13__  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**25,000.00**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re    **Keen Ellsworth**                                                        ,        Case No. _____**10-12736**_____

Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx0400** <br><br> **Wells Fargo Bank** <br> **Po Box 10438** <br> **Des Moines, IA 50306** | - | | Opened 7/01/96 Last Active 11/16/09 **CheckCreditOrLineOfCredit** | | | | 34.00 |
| Account No. **xxxxxxxxxxxx0001** <br><br> **Wells Fargo Bank Nv Na** <br> **Po Box 31557** <br> **Billings, MT 59107** | - | | Opened 11/04/03 Last Active 5/01/05 **CreditLineSecured** | | | | 0.00 |
| Account No. **xxxxxxx9001** <br><br> **Wells Fargo Card Ser** <br> **Po Box 5058** <br> **Portland, OR 97208** | - | | Opened 4/01/97 Last Active 11/23/09 **Personally guanteed business debt of an active corporation. Not part of of 11 USC 109(e) debt limit analysis.** | X | X | | 20,778.00 |
| Account No. **xxxxxxxx2204** <br><br> **Zions Bank/dovenmuehle** <br> **2200 South 3270 West** <br> **West Valley, UT 84119** | - | | Opened 5/01/00 Last Active 12/01/02 **ConventionalRealEstateMortgage** | | | | 0.00 |
| Account No. **xxxxxxxxxxxx4649** <br><br> **Zions Managment Srvc C** <br> **2185 S 3270 W** <br> **Salt Lake City, UT 84119** | - | | Opened 2/01/88 Last Active 12/01/99 **CreditCard** | | | | 0.00 |

Sheet no. _**13**_ of _**13**_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| | Subtotal (Total of this page) | 20,812.00 |
| | Total (Report on Summary of Schedules) | 4,793,134.24 |

B6G (Official Form 6G) (12/07)

In re    **Keen Ellsworth**                                                    ,    Case No.    **10-12736**

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES - AMENDED

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

**B6H (Official Form 6H) (12/07)**

In re    **Keen Ellsworth**                                   ,    Case No.    **10-12736**

                                              Debtor

# SCHEDULE H - CODEBTORS - AMENDED

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**

_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re __Keen Ellsworth__                                    Case No. __10-12736__
                                                                Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Daughter**<br>**Son**<br>**Daughter**<br>**Daughter** | AGE(S):<br>**10 years**<br>**13 years**<br>**14 years**<br>**17 years**<br>**5 years** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Shareholder** | **Homemaker** |
| Name of Employer | **Ellsworth, Moody & Bennion** | **n/a** |
| How long employed | **12 years** | |
| Address of Employer | **7881 W. Charleston, Ste 110**<br>**Las Vegas, NV 89117** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 11,322.96 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 11,322.96 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 1,322.96 | $ | 0.00 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify): **Medicare/Soc. Sec. Withholdings (8.5%)** | $ | 962.45 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 2,285.41 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 9,037.55 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 9,037.55 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 9,037.55 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **Keen Ellsworth**                                                    Case No.    **10-12736**
_____                                    _____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 3,400.00 |
| a. Are real estate taxes included? Yes **X** No ___ | | |
| b. Is property insurance included? Yes **X** No ___ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 300.00 |
| b. Water and sewer | $ | 120.00 |
| c. Telephone | $ | 0.00 |
| d. Other **See Detailed Expense Attachment** | $ | 400.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 95.00 |
| 4. Food | $ | 995.00 |
| 5. Clothing | $ | 375.00 |
| 6. Laundry and dry cleaning | $ | 75.00 |
| 7. Medical and dental expenses | $ | 60.00 |
| 8. Transportation (not including car payments) | $ | 495.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 195.00 |
| 10. Charitable contributions | $ | 1,000.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 190.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 400.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 950.00 |
| b. Other **HOA** | $ | 125.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
| Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 9,175.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 9,037.55 |
| b.    Average monthly expenses from Line 18 above | $ | 9,175.00 |
| c.    Monthly net income (a. minus b.) | $ | -137.45 |

**B6J (Official Form 6J) (12/07)**

In re   **Keen Ellsworth**                                            Case No.   **10-12736**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cable/Internet/Phone** | $ | **150.00** |
| **Cell Phone** | $ | **250.00** |
| **Total Other Utility Expenditures** | $ | **400.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Nevada

In re **Keen Ellsworth** _____    Case No. **10-12736** _____

Debtor(s)    Chapter **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES - AMENDED

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**40**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **May 27, 2010** _____    Signature **/s/ Keen Ellsworth** _____

**Keen Ellsworth**

Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
### District of Nevada

| | | | | |
|---|---|---|---|---|
| In re | **Keen Ellsworth** | | Case No. | **10-12736** |
| | | Debtor(s) | Chapter | **7** |

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

          AMOUNT                    SOURCE

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

          AMOUNT                    SOURCE

2

### 3. Payments to creditors

None ■

***Complete a. or b., as appropriate, and c.***

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None □

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Royal Office Supplies, Inc vs Associated Printers and Copiers, LLC dba Laser Worlk, Keen I. Ellsworth, Dain E. Ellworth A60486** | **Collection** | **District Court, Clark County, Nevada** | **Pending** |
| **Bank of Nevada vs. Associated Printers and Copiers, LLC, Mammoth Trust, Dain Ellsworth, Keen Ellsworth A-10-60715C** | **Collections** | **District Court Clark County, Nevada** | **Pending** |

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **GMAC Mortgage**<br>**P.O. Box 791135**<br>**Phoenix, AZ 85062-9135** | **2010** | **PROPERTY SURRENDERED**<br>**Single Family Home**<br>**4720 W. Creek Front Circle**<br>**Hatch, UT 84759** |

### 6. Assignments and receiverships

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ☐  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Church of Jesus Christ of Latter Day Sai** | **Tithing** | **$1,400** | **Monthly Tithing $1,400 per month** |

### 8. Losses

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **HAINES & KRIEGER, LLC**<br>**1020 Garces Ave.**<br>**Suite 100**<br>**Las Vegas, NV 89101** | **na** | **$0.  All fees to be paid through plan** |

**10. Other transfers**

None
■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                              DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                          DOCKET NUMBER                        STATUS OR DISPOSITION

### 18 . Nature, location and name of business

None

☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Ellsworth, Moody & Bennion** | **5544** | **7881 W. Charleston Blvd, Ste 210 Las Vegas, NV 89117** | **Law Frim** | **1998 - current** |
| **Associated Printers and Copiers LLC** | **7664** | **4405 W. Sunset Road Las Vegas, NV 89118** | **Copy Machine Sales** | **11/2006 - 11/2009** |
| **Ellsworth, Moody, Bennion & Ericsson, CH** | | **St. George, UT** | **Law Firm** | **1/2010** |

None

■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None

☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Cindy Pittesenber 7881 W. Charleston Ave., Las Vegas, NV 89117** | **Daily Books 1999 - current** |
| | **Law Firm Books** |
| **Michael Smith 4405 W. Sunset Road Las Vegas, NV 89118** | **Daily Books 2006 - 2009** |
| | **Associated Copiers** |
| **Debtor does daily books for Fleet Sports** | **Daily Books 2006 - current** |

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Dain Ellsworth**<br>**7881 W. Charleston, Suite 110**<br>**Las Vegas, NV 89118** | **Yearly Taxes for Law firm and**<br>**Associated Printers from inception** |
| **Doug Meecham**<br>**7881 W. Charleston Ave., Sutie 210**<br>**Las Vegas, NV 89117** | **Yearly Taxes for Fleet Feet** |

None    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books
■     of account and records, or prepared a financial statement of the debtor.

NAME                 ADDRESS                 DATES SERVICES RENDERED

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records
■     of the debtor. If any of the books of account and records are not available, explain.

NAME                              ADDRESS

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
■     issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                 DATE ISSUED

### 20. Inventories

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
■     and the dollar amount and basis of each inventory.

DATE OF INVENTORY         INVENTORY SUPERVISOR       DOLLAR AMOUNT OF INVENTORY<br>                                           (Specify cost, market or other basis)

None    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

DATE OF INVENTORY               NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>                                   RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
□

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Todd Moody**<br>**7881 W. Charleston Ave., 210**<br>**Las Vegas, NV 89117** | **Shareholder** | **25%** |
| **Charles Bennion**<br>**7881 W. Charleston Ave., Suite 210**<br>**Las Vegas, NV 89117** | **Shareholder** | **25%** |
| **Thomas Ericsson**<br>**7881 W. Charleston Ave., Suite 210**<br>**Las Vegas, NV 89117** | **Shareholder** | **25%** |
| **Dain Ellsworth**<br>**4405 W. Sunset**<br>**Las Vegas, NV 89118** | **Co-Beneficiary** | **50%** |

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

None ■ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **May 27, 2010**                         Signature  **/s/ Keen Ellsworth**

                                                       **Keen Ellsworth**
                                                       Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of Nevada

In re    **Keen Ellsworth**                                                           Case No.    **10-12736**

                                                        Debtor(s)                    Chapter    **7**

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION - AMENDED

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**-NONE-** | **Describe Property Securing Debt:** |
| Property will be (check one):<br>☐ Surrendered      ☐ Retained<br><br>If retaining the property, I intend to (check at least one):<br>    ☐ Redeem the property<br>    ☐ Reaffirm the debt<br>    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is (check one):<br>    ☐ Claimed as Exempt                    ☐ Not claimed as exempt | |

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **May 27, 2010**                          Signature   **/s/ Keen Ellsworth**
                                                                **Keen Ellsworth**
                                                                Debtor